UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MOVEIN, INC. d/b/a RENTABLE, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HELLO DATA, INC., ) <br> ) <br> Defendant. ) | Case No. 2:24-cv-425 |

# COMPLAINT

Plaintiff, Movein, Inc. dba Rentable ("Rentable"), by its undersigned attorneys, Foley & Lardner LLP, brings this Complaint against the Defendant, HelloData, Inc. ("HelloData"), and hereby alleges and shows to the Court as follows:

## NATURE OF THE ACTION

1. This is an action for false advertising and unfair competition in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), false advertising in violation of the Wisconsin Deceptive Trade Practices Act, Wis. Stat. § 100.18, and common law unfair competition against Defendant Hello Data, Inc.

## THE PARTIES, JURISDICTION, AND VENUE

2. Rentable is a Delaware corporation with a principal place of business in Madison, Wisconsin.

3. On information and belief, HelloData is a Delaware corporation with a principal place of business in Chicago, Illinois. Its registered agent is Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

4. This Court has subject matter jurisdiction over this dispute under 28 U.S.C. § 1331 because it is a civil action arising under the Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)). This Court has supplemental jurisdiction over Rentable's state law claims pursuant to 28 U.S.C. § 1367. The state law claims are integrally related to Rentable's federal claim and arise from a common nucleus of operative facts, such that administration of the state law claims with the federal claim furthers the interest of judicial economy.

5. This Court has personal jurisdiction over HelloData pursuant to Wis. Stat. § 801.05 because HelloData transacts and solicits business within the State of Wisconsin and that activity has caused injury within the State of Wisconsin. This dispute arises, in part, from HelloData's contacts within this district and, therefore, HelloData has purposefully availed itself of the Wisconsin forum such that it could reasonably anticipate begin called to defend itself in courts within the state. Requiring HelloData to litigate this case in this Court does not offend traditional notions of fair play and substantial justice and is permitted by the Due Process Clause of the United States Constitution.

6. Venue in this Court is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims in this Complaint occurred in this judicial district.

## **GENERAL ALLEGATIONS**

**Rentable's Business**

7. Rentable is a real estate technology company founded in Madison, Wisconsin. Rentable began as a modest start-up that aimed to streamline the apartment search process in the Madison area. From those modest beginnings, Rentable has expanded and developed into one of the country's largest online apartment marketplaces.

8. Rentable offers an online platform for individuals seeking to rent an apartment. Rentable simplifies the apartment search process by providing a user-friendly interface that allows renters to easily search through millions of apartments in thousands of locations. Rentable has been used by more than 7,000,000 renters.

9. In addition to providing services to renters, Rentable also provides services to property owners, managers, and investors. In 2021, Rentable expanded its offerings through its development of "ApartmentIQ," which offers market data and competitive intelligence for Rentable's customers. ApartmentIQ automated what historically was an antiquated manual process for gathering market apartment data and streamlines the process of obtaining and providing valuable market data.

**Hello Data Publishes and Disseminates False and Misleading Article**

10. On information and belief, HelloData began business on or around January 2023. HelloData holds itself out as a real estate AI startup that offers several Application Programming Interfaces ("APIs") for property owners and managers.

11. Rentable and HelloData are direct competitors, each offering multifamily rent data analysis products.

12. On January 24, 2024, HelloData published an article on its website titled "*HelloData vs ApartmentIQ: The Best Products for Multifamily Rent Surveys in 2024*" (the "Article"). The Article was authored by HelloData's Co-Founder and CEO, Marc Rutzen. A true and accurate copy of the article is attached as **Exhibit A**.

13. The Article is written for customers interested in multifamily rent surveys, and purports to offer a factually based side-by-side comparison of HelloData and ApartmentIQ. The

3

4860-0671-1716.2

Case 2:24-cv-00425-PP   Filed 04/09/24   Page 3 of 9   Document 1

Article gives what HelloData calls a "fair comparison of features and functionality" offered by the two products, including the below chart.

| | ApartmentIQ | HelloData |
|---|---|---|
| Coverage | 10M+ units | 25M+ units |
| Data Sources | Property Websites | Property Websites & Listing Sites |
| Customer Types | Owners and Managers | Owners, Managers, Appraisers, Brokers, Lenders and PropTech Companies |
| Pricing | Per Unit/mo (unlimited users) | Per User/mo (unlimited properties) |
| Daily Data Updates | Yes | Yes |
| Add Properties | Manual on Request | Self-Serve |
| Export Types | PDF, CSV | Excel, PDF & API |
| Email Reports | Yes | Yes |
| Bulk Data & API Access | No | Yes |
| Automated Rent Comp Detection | No | Yes |
| Revenue Management | No | Yes |
| Expense Benchmarks | No | Yes |
| Unit-Level Price History | No | Yes |
| Historical Concessions Analysis | No | Yes |
| Fee Analysis (application, admin, etc.) | No | Yes |

HelloData vs ApartmentIQ: Side by Side Comparison

14. HelloData's comparison is anything but "fair." Of the fifteen items compared, at least nine of them are literally false assertions about ApartmentIQ and its product offerings.

15. Specifically, HelloData's chart purporting to accurately report on ApartmentIQ's Coverage, Data Sources, Customer Types, "Add Properties" capabilities, Export Types, Bulk Data & API Access, Automated Rent Comp Detection, Unit Level Price History, and Historical Concessions Analysis are all literally false. Through the Article and the chart, HelloData is asserting false and misleading information about ApartmentIQ.

16. Upon information and belief, HelloData knew its statements about ApartmentIQ were false and the chart was purposefully prepared to damage Rentable and compete unfairly for its customers.

17. On or about January 24, 2024, HelloData published a link to the Article on its LinkedIn page. On January 29, 2024, HelloData again posted a link to the Article on its LinkedIn and Facebook pages.

18. On or around February 6, 2024, HelloData reposted a portion of the Article—including the comparison chart—with a link to the full version on the social publishing platform Medium.

19. In addition, Rentable is aware that HelloData has been targeting its customers located within this judicial district, including current users of ApartmentIQ, and using the Article to market their products and solicit business.

20. Due to HelloData's false and misleading statements about ApartmentIQ, Rentable has been damaged, at a minimum, through lost sales, lost business opportunities, and reputational damage to its business.

**FIRST CAUSE OF ACTION**
False advertising in violation of Section 43(a) of the Lanham Act
(15 U.S.C. § 1125(a)(1)(B))

21. Rentable incorporates each of the preceding allegations as though set forth fully herein.

22. HelloData wrote and published false and misleading statements of fact in the Article comparing HelloData and ApartmentIQ.

23. The Article containing false and misleading statements is part of HelloData's commercial advertising and promotional materials.

24. The statements have the capacity (and have already) deceived a substantial segment of Rentable's current and potential customer base.

25. The deception in HelloData's statements is likely to influence the purchasing decisions of consumers including Rentable's customers.

26. HelloData's statements in the Article were posted on its website, disseminated throughout various online platforms, and sent directly to potential customers, including Rentable's customer base.

27. Rentable has been injured as a result of HelloData's false, deceptive, and misleading advertising.

28. As a direct and proximate result of HelloData's publication of the false and misleading statements, Rentable has suffered and is likely to suffer harm and damages in an amount to be determined by the trier of fact.

## SECOND CAUSE OF ACTION
Common Law Unfair Competition

29. Rentable incorporates each of the preceding allegations as though set forth fully herein.

30. HelloData's false and misleading statements in the Article constitute unfair competition under the common law of Wisconsin and other states.

31. Rentable has been and is likely to continue to be injured as a result of HelloData's unfair competition. HelloData's publication of false statements in the Article and dissemination of the Article is causing and will cause Rentable damages in amounts presently unknown but to be determined at trial. HelloData will continue to cause Rentable immediate and irreparable damage unless this Court enjoins HelloData's actions.

## THIRD CAUSE OF ACTION
False advertising in violation of the Wisconsin Deceptive Trade Practices Act
(Wis. Stat. § 100.18)

32. Rentable incorporates each of the preceding allegations as though set forth fully herein.

33. HelloData's has directly and indirectly made, published, disseminated, and placed before the public false, deceptive, and misleading statements and representations.

34. HelloData made these false, deceptive, and misleading statements with the intent to sell or increase the consumption of HelloData's products at Rentable's detriment.

35. HelloData specifically made false, deceptive, and misleading statements regarding ApartmentIQ in an effort to promote its own products.

36. HelloData's false, deceptive, and misleading representations in the Article regarding ApartmentIQ have the capacity to deceive consumers and are material to customer purchasing decisions.

37. Rentable has made extensive efforts and expended significant capital to build the ApartmentIQ brand. HelloData's false, deceptive, and misleading statements in the Article have diverted sales from ApartmentIQ to HelloData, and harmed Rentable.

WHEREFORE, Rentable respectfully requests that this Court enter judgment against HelloData as follows:

A. For judgment in favor of Rentable and against HelloData on all of Rentable's claims;

B. For a permanent injunction prohibiting HelloData and its officers, agents, employees, attorneys, and all others in active concert of participation with them, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and Wis. Stat. § 100.18(11), from making false or misleading statements regarding ApartmentIQ's features and functionality;

C. For an award to ApartmentIQ of damages it has incurred as a result of HelloData's false advertising, in an amount to be determined by the trier of fact;

D. For corrective advertising damages and/or an order requiring HelloData to engage in corrective advertising;

E. For Rentable's reasonable attorneys' fees, costs, expenses, and interest pursuant to 15 U.S.C. § 1117(a) and Wis. Stat. § 100.18(11)(b)(2);

F. On all counts, for costs of suit, as prescribed by law; and

G. For such fees and costs as permitted by law and for such other and further relief as the Court deems just and equitable.

8

4860-0671-1716.2

Case 2:24-cv-00425-PP   Filed 04/09/24   Page 8 of 9   Document 1

Dated this 9th day of April, 2024.

                FOLEY & LARDNER LLP

                */s/ Eric J. Hatchell*
                Eric J. Hatchell
                FOLEY & LARDNER LLP
                150 E. Gilman Street
                P.O. Box 1497
                Madison, WI 53701-1497
                Telephone: (608) 257-5035
                Facsimile: (608) 258-4258
                ehatchell@foley.com

                *Attorneys for Plaintiff Movein, Inc.*