MOVEIN, INC., *d/b/a* Rentable,

        Plaintiff,

v.

        Case No. 24-cv-425-pp

HELLO DATA, INC.,

        Defendant.

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS (DKT. NO. 14)**

On April 9, 2024, the plaintiff filed a complaint alleging that the defendant engaged in unfair competition and false advertising. Dkt. No. 1. The defendant filed a motion to dismiss. Dkt. No. 8. The plaintiff then filed an amended complaint, alleging false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), common law unfair competition and tortious interference with contract. Dkt. No. 13. On August 14, 2024, the defendant filed a motion to dismiss the amended complaint under Federal Rules of Civil Procedure 12(b)(2), (b)(3) and (b)(6). Dkt. No. 14. The court will grant the defendant's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

**I.    The Amended Complaint (Dkt. No. 13)**

The plaintiff alleges that it is a "real estate technology company" based in Wisconsin that provides a searchable database of rental properties for tenants as well as a variety of services to property owners through its "ApartmentIQ" platform. Dkt. No. 13 at ¶¶2, 7–9. The plaintiff alleges that the defendant is a

direct competitor that also provides "multifamily rent data analysis products." Id. at ¶11.

According to the plaintiff, the defendant published an article on its website titled "HelloData vs ApartmentIQ: The Best Products for Multifamily Rent Surveys in 2024;" the article allegedly contained a chart comparing the "features and functionality" of ApartmentIQ and the defendant's own platform. Id. at ¶¶12–13 (quoting Dkt. No. 13-1 at 3). The plaintiff attached a copy of the article to the amended complaint. Dkt. No. 13-1. The chart compared several data points for each platform, including the number of units covered, data sources, customer types and pricing structure. Dkt. No. 13 at ¶15. The plaintiff contends that those data points are false and misleading. Id. at ¶¶15–25. Specifically, the plaintiff states that the defendant's chart inaccurately represents "ApartmentIQ's Coverage, Data Sources, Customer Types, 'Add Properties' capabilities, Export Types, Bulk Data & API Access, Automated Rent Comp Detection, Unit Level Price History, and Historical Concessions Analysis." Id. at ¶15.

The plaintiff alleges that the defendant knew the chart was false and misleading as to the plaintiff's offerings. Id. at ¶26. It asserts that the defendant posted links to the article on LinkedIn, Facebook and Medium and sent emails with the link to existing and prospective customers. Id. at ¶¶27–30.

The plaintiff alleges that the defendant has been using the article to target customers in Wisconsin and "purposefully exploit[] the Wisconsin market for property managers." Id. at ¶¶31, 35. The plaintiff alleges that the defendant sent an email containing the article to Willow Bridge Property Company, one of the plaintiff's clients located in Wisconsin. Id. at ¶32. According to the plaintiff,

2

the defendant was aware that Willow Bridge conducted substantial business in Wisconsin. Id. at ¶34.

The plaintiff alleges that the defendant's article deceived or had a tendency to deceive the plaintiff's current and prospective customers and that the article has caused the plaintiff to lose sales and business opportunities and has damaged the plaintiff's reputation. Id. at ¶¶36–37. The plaintiff requests a permanent injunction preventing the defendant from making false or misleading statements about ApartmentIQ, an award of compensatory damages and an award of corrective advertising damages. Id. at 9–10.

The defendant's motion to dismiss the amended complaint alleges three grounds for dismissal. Dkt. No. 14. The defendant argues that (1) the court lacks personal jurisdiction over the defendant, (2) venue in the Eastern District of Wisconsin is improper and (3) the complaint fails to include sufficient facts to state a claim for relief. Dkt. No. 15 at 12, 20, 22.

## II. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(2) tests the court's personal jurisdiction over a defendant. The court takes the facts asserted in the complaint as true; the complaint need not allege facts demonstrating the existence of personal jurisdiction, but once the defendant moves to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2), "the plaintiff bears the burden of demonstrating the existence of jurisdiction." Curry v. Revolution Labs., LLC, 949 F.3d 385, 392 (7th Cir. 2020) (quoting Purdue Research Found. v. Sanofi-Synthelabo, S.A., 338 F.3d 773, 782 (7th Cir. 2003)). If the court decides a Rule 12(b)(2) motion on written submissions, without an evidentiary hearing, the plaintiff bears the burden of making only a *prima facie* case for personal jurisdiction. Id. (quoting uBID, Inc. v. GoDaddy

3

Grp., Inc., 623 F.3d 421, 423 (7th Cir. 2010)). But if the defendants "submit evidence opposing the district court's exercise of personal jurisdiction, the plaintiff[ ] must similarly submit affirmative evidence supporting the court's exercise of jurisdiction." Matlin v. Spin Master Corp., 921 F.3d 701, 705 (7th Cir. 2019).

Federal Rule of Civil Procedure 12(b)(3) allows a party to seek dismissal based on improper venue. In federal court, venue is appropriate either in the judicial district where "any defendant resides, if all defendants are residents of the State in which the district is located," or in the district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §1391(b). The plaintiff bears the burden of establishing proper venue under Rule 12(b)(3). Grantham v. Challenge–Cook Bros., Inc., 420 F.2d 1182, 1184 (7th Cir. 1969).

Federal Rule of Civil Procedure 12(b)(6) allows a party to assert by motion that the complaint fails to state a claim upon which a federal court can grant relief. "A Rule 12(b)(6) motion tests 'the legal sufficiency of the complaint,' as measured against the standards of Rule 8(a)." Gunn v. Cont'l Cas. Co., 968 F.3d 802, 806 (7th Cir. 2020) (quoting Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 526 (7th Cir. 2015)). A complaint need not include detailed factual allegations, but it must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). In ruling on a Rule 12(b)(6) motion, the court takes "all the factual allegations in the complaint as true," Ashcroft v. Iqbal, 556 U.S. 662 (2009), and draws all

reasonable inferences in the plaintiff's favor, Roberts v. City of Chicago, 817 F.3d 561, 564 (7th Cir. 2016). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" so "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. When considering whether a plaintiff has stated a claim, the court "may consider documents attached to the pleadings so long as the documents are referred to in the complaint and central to the plaintiff's claims." Doe v. Columbia Coll. Chi., 933 F.3d 849, 854 (7th Cir. 2019).

### III. Motion to Dismiss

#### A. The Parties' Arguments

The defendant first argues that it is not subject to personal jurisdiction under Wisconsin's long-arm statute. Dkt. No. 15 at 14. The defendant argues that the complaint does not allege that the plaintiff suffered an injury in Wisconsin other than the unsupported assertion that it has suffered "lost sales, lost business opportunities, and reputational damage to its business." Id. (quoting Dkt. No. 13 at ¶37). It argues that the plaintiff has not tied those alleged harms to any actions by the defendant. Id. at 14–15. The defendant also argues that the amended complaint contains no allegations that the defendant solicited business in Wisconsin or targeted Wisconsin customers. Id. at 15.

Analyzing personal jurisdiction under the federal due process clause, the defendant argues that the plaintiff needed to allege that the defendant "targeted" the Wisconsin market. Id. at 17 (quoting be2 LLC v. Ivanov, 642 F.3d 555, 559 (7th Cir. 2011)). The defendant contends that it does not engage in any direct marketing to Wisconsin customers and does not conduct business in

5

Wisconsin. Id. at 18 (citing Dkt. No. 17 at ¶¶8, 12). Although the defendant concedes that it sent the article in question to two Willow Bridge employees, it argues that there are no allegations that those employees were located in Wisconsin. Id. at 17–18. The defendant submitted a declaration stating that Willow Bridge is based in Texas and is not registered to do business in Wisconsin, nor does it have any offices in Wisconsin. Id. at 18 (citing Dkt. No. 16 at ¶¶3–8). The defendant argues that even if the recipients of the emails were located in Wisconsin, sending emails alone is not enough to establish jurisdiction. Id. (quoting Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 802 (7th Cir. 2014)). The defendant argues that a single email sent to employees of a company that "may" do business in Wisconsin is "too attenuated to support personal jurisdiction." Id. at 18–19.

The plaintiff responds that it has established personal jurisdiction over the defendant in Wisconsin. Dkt. No. 18 at 5. The plaintiff points to its allegations that the defendant contacted Willow Bridge, a customer that does "substantial business" in this judicial district, as evidence that the defendant intentionally directed its actions towards a Wisconsin customer. Id. at 5–6. The plaintiff supports these allegations with a declaration from Alec Slocum, its CEO, averring that the Willow Bridge employees in question were located in Wisconsin. Id. (citing Dkt. No. 19 at ¶¶6–9). The plaintiff argues that even a single contact is enough to establish personal jurisdiction. Id. at 6 (citing NBA Props., Inc. v. HANWJH, 46 F.4th 614, 624-25 (7th Cir. 2022); McGee v. Int'l Life Ins. Co., 355 U.S. 220, 222 (1957)). The plaintiff likens this case to NBA Props., where the Seventh Circuit found that the federal court had jurisdiction over the defendant where the defendant's website "asserted a willingness to ship goods to Illinois" and made a single sale to an Illinois customer. Id. at 6–7

6

(quoting NBA Props., 46 F.4th at 624). The plaintiff argues that the defendant's email to Willow Bridge, a customer that manages properties in Wisconsin, is sufficient to establish personal jurisdiction. Id. at 7. The plaintiff also argues that exercising jurisdiction over the defendant would not be unreasonable because the defendant's principal place of business is nearby in Illinois and that Wisconsin has a compelling interest in ensuring that its citizens are protected from unlawful competition. Id. at 8.

The defendant replies that the court should exclude the Alec Slocum declaration from consideration. Dkt. No. 20 at 6. The defendant argues that declarations must be based on personal knowledge and asserts that there is no foundation to establish Slocum's personal knowledge of where Willow Bridge—a company for which Slocum does not work—does business or where its employees are located. Id. at 6–7. The defendant argues that there is no evidence that it knew Willow Bridge's employees were located in Wisconsin. Id. at 8–9. The defendant contends that the employees' email signatures listed Dallas, Texas as their location, not Wisconsin. Id. at 8. The defendant distinguishes NBA Props., arguing that, unlike the defendant in that case, it did not knowingly direct business activities towards Wisconsin. Id. at 9–10. The defendant argues that the court should consider the reasonableness of jurisdiction in Wisconsin only if the defendant has sufficient contacts with the forum state, which it argues is not the case here. Id. at 11.

B. Analysis

Both the plaintiff and the defendant submitted affidavits in support of their briefs addressing the jurisdictional issues. The court may consider affidavits and other competent evidence submitted by the parties on a motion to dismiss for lack of personal jurisdiction. Purdue Research, 338 F.3d at 782.

7

Case 2:24-cv-00425-PP    Filed 11/06/24    Page 7 of 11    Document 22

"[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction," however, "the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." Id. at 783. Any dispute concerning relevant facts is resolved in the plaintiff's favor. Id. at 782–83. The court will consider the parties' affidavits when ruling on the personal jurisdiction issue.

Jurisdiction must be proper under both the Constitution's due process clause and under the law of the forum state in which the court sits. Adv. Tactical, 751 F.3d at 800. The reach of personal jurisdiction under Wisconsin law is equivalent to personal jurisdiction under the due process clause. Felland v. Clifton, 682 F.3d 665, 678 (7th Cir. 2012) (citing Wis. Stat. §801.05). The presence or absence of personal jurisdiction under the due process clause is outcome determinative, and a separate analysis under Wisconsin law is unnecessary. Id.

Under the due process clause, a defendant is subject to personal jurisdiction in a particular state only if the defendant had "certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted). There are two types of personal jurisdiction: general and specific jurisdiction. Bristol-Myers Squibb Co. v. Superior Court of Cal., San Francisco Cnty., 582 U.S. 255, 262 (2017). General jurisdiction is available where the defendant is "at home" in the forum state, while specific jurisdiction requires that the case arise out of or relate to the defendant's contacts with the forum state. Id. Because the defendant in this case is a Delaware corporation with a principal place of business in Illinois, dkt. no. 13 at ¶3, it is not "at home" in Wisconsin

8

and the court must examine whether it has specific jurisdiction over the defendant, Bristol-Myers Squibb, 582 U.S. at 262 (companies generally are considered "at home" in their place of incorporation and principal place of business). An out-of-state defendant will be subject to specific personal jurisdiction in the forum state if it "purposefully directed conduct" at the forum state and "knowingly did do business" with residents of the forum state. NBA Props., 46 F.4th at 624 (quoting Illinois v. Hemi Grp. LLC, 622 F.3d 754, 757–58 (7th Cir. 2010)).

The defendant does not dispute that it purposefully sent an email—with a link to the article in question—to two Willow Bridge employees. Dkt. No. 17 at ¶¶14–15. It argues, however, that it did not know that the Willow Bridge employees were located in Wisconsin when it sent the email (and disputes that the employees are, in fact, located in Wisconsin). Dkt. Nos. 15 at 17–18; 20 at 8–9. The defendant's affidavits in support aver that Willow Bridge does not hold itself out as having an office in Wisconsin. Dkt. No. 16 at ¶7. It maintains that while there are a handful of companies registered to do business in Wisconsin that may be Willow Bridge affiliates, there is no company named "Willow Bridge Property Company" registered to do business in Wisconsin. Id. at ¶¶3–6, 8. And the Willow Bridge employees the defendant contacted had a Dallas, Texas address in their email signature block. Dkt. No. 21 at ¶¶3–4. In opposition, the plaintiff's affidavit avers that one of the Willow Bridge employees at issue lives and works in Wisconsin and manages Willow Bridge properties in Wisconsin using the plaintiff's platform. Dkt. No. 19 at ¶¶8–9.

The defendant "targeted" Willow Bridge employees by purposefully sending the article to them via email. But the affidavits before the court do not support the conclusion that the defendant was aware that the Willow Bridge

9

employees were located in Wisconsin or that the defendant otherwise targeted Wisconsin residents. In the Seventh Circuit cases the plaintiff cites, the defendant *knowingly* did business with customers in the forum state. NBA Props., 46 F.4th at 624 ("Through this online store, [the defendant] unequivocally asserted a willingness to ship goods to Illinois and established the capacity to do so. When an order was placed, it filled the order, intentionally shipping an infringing product to the customer's designated Illinois address."); Curry, 949 F.3d at 399 (finding jurisdiction where online retailer's website listed the forum state as a "ship-to" option on the purchase page and did in fact ship products to customers in the forum state); Hemi, 622 F.3d 757–58 (finding personal jurisdiction in Illinois where the defendant stated on its website that it would ship to any state in the country except New York). The facts here do not demonstrate that the defendant affirmatively took steps to engage with a Wisconsin customer because Willow Bridge does not hold itself out as having offices in Wisconsin.

This case bears a closer resemblance to the case the defendant cites, Advanced Tactical. 751 F.3d at 802–03. That case involved a defendant that "regularly emailed customers or potential customers" in the forum state and had made at least one sale in the forum state. Id. at 799. The Seventh Circuit found that "operating an interactive website accessible in the forum state and sending emails to people who may happen to live there" was not sufficient to establish that the defendant "targeted" the forum state. Id. The court stated that the outcome might be different if the defendant had targeted residents of the forum state through geographically-restricted online ads because that would indicate a deliberate action by the defendant to purposefully target the forum state. Id. at 803. Here, the defendant sent an email to a Willow Bridge

10

employee who "happened" to live in Wisconsin. It did not use "regionally or geographically targeted advertising or marketing" and it avers that the article itself was not targeted to Wisconsin residents. Dkt. No. 17 at ¶12. Absent evidence that the defendant knew the Willow Bridge employees it emailed were located in Wisconsin, the court cannot find that the defendant purposefully targeted activities towards Wisconsin residents. The court does not have personal jurisdiction over the defendant.

Because the court does not have personal jurisdiction over the defendant, it need not reach the other arguments in the defendant's motion to dismiss. The court will dismiss the case without prejudice for lack of personal jurisdiction.

**IV. Conclusion**

The court **GRANTS** the defendant's motion to dismiss. Dkt. No. 14.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of personal jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 6th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**